UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLD TOWNE DEVELOPMENT GROUP, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-224-B-M2** |
| **J. DAVID MATTHEWS** | |

## RULING & ORDER

This matter is before the Court on the Motion to Quash Subpoena Duces Tecum and/or for Protective Order (R. Doc. 27) filed by defendant, J. David Matthews ("Matthews"). Plaintiff, Old Town Development Group, L.L.C. ("Old Towne"), has filed an opposition (R. Doc. 28) to Matthews' motion, in response to which Matthews has filed a reply memorandum (R. Doc. 30).

## FACTS & PROCEDURAL BACKGROUND

Old Towne filed this suit against Matthews on April 17, 2009. Matthews asserted the defense of lack of diversity jurisdiction, and the Court determined that discovery on the issue of citizenship should be permitted prior to addressing the merits of the case. On June 19, 2009, Old Towne issued a subpoena ("subject subpoena") to Bank of America, a non-party to this litigation, requesting the production of the following documents:

(1) Any and all account statements of Matthews from January 1, 2007 to May 1, 2009; and

(2) Any and all financial statements provided by Matthews in connection with any loan or request for an extension of credit, whether as the primary obligor or as a guarantor or surety from January 1, 2007 to May 1, 2009.

Old Towne contends that it is seeking documents regarding Matthews' banking activities

Bank of America

with Bank of America, a national bank, in an effort at proving that Matthews has retained a domicile in the State of Georgia for purposes of establishing that diversity jurisdiction exists. Matthews objects to such discovery as being a "'fishing expedition' designed to elicit confidential information regarding his personal and corporate finances and his net worth which would serve as an unfair advantage and/or leverage to Old Towne and its principles in their various disputes with [him]'."

Matthews has now filed the present motion to quash the subpoena and/or for a protective order, wherein he asserts that the subpoena to Bank of America is improper because: (1) it is overbroad, vexatious, and harassing; (2) the subpoenaed information is irrelevant to the proceeding to determine Matthews' citizenship; (3) the subpoena seeks confidential information; and (4) the subpoena constitutes an unauthorized, pre-judgment debtor examination.

## **LAW & ANALYSIS**

As a preliminary matter, the Court notes that, despite the fact that the subject subpoena was directed to a non-party, Matthews nevertheless has standing to challenge the subpoena under Fed. R. Civ. P. 45 because he claims a legitimate privacy interest in the requested records. *See, Solow v. Conseco, Inc.*, 2008 WL 190340 (S.D.N.Y. 2008)("While Rule 45 speaks of objections to subpoenas being asserted by the person commanded to produce and permit inspection of the subpoenaed documents, it is well-established that a party with a real interest in the documents has standing to raise objections to their production").[1]

---

[1] *See also*, Advisory Committee Notes to the 1991 amendments of Rule 45 (observing that "Clause c(3)(B)(I) authorizes the court to quash, modify, or condition a subpoena to protect the person subject to *or affected by the subpoena* from unnecessary or unduly harmful disclosures of confidential information")(Emphasis added); *Arias-Zeballos v. Tan*, 2007 WL 210112, at *1 (S.D.N.Y. 2007)(quashing subpoena to bank seeking copies of defendant's personal checks and documents concerning the purchase of residential real estate, finding that "courts have found

A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party in the pending action and is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served or, as here, by the party claiming a privacy interest in the records sought. Fed. R. Civ. P. 45(c)(3). In the present motion, Matthews contends that the subpoena in question should be quashed because it requests information outside the scope of relevant discovery. Specifically, Matthews asserts that, since discovery at this point has been limited by the Court to the issue of Matthews' citizenship, Old Towne's request for confidential information relating to his financial affairs is overbroad, vexatious and harassing. He contends that the only relevant fact to the issue of citizenship relating to his banking activities concerns the fact that he has an account with Bank of America, and Matthews stipulates to that fact.

Matthews admits, however, that Bank of America is a national bank with branches across the country, and as such, the mere fact that he has an account with that bank does not indicate his intended domicile for purposes of establishing his citizenship. He contends that he maintains his Bank of America account "for its features and amenities rather than

---

that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution); *In re Flagtelecomholdings, Ltd. Secs. Litig.*, 2006 WL 2642192, at *2 (S.D.N.Y. 2006); *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002); *Sierra Rutile Ltd. v. Katz*, 1994 WL 185751, at *2 (S.D.N.Y. 1994); *Griffith v. U.S.*, 2007 WL 1222586 (S.D.N.Y. 2007); *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598 (D.N.J. 2007), citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan. 2003)(Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information); *Zinter Handling, Inc. v. General Elec. Co.*, 2006 WL 3359317 (N.D.N.Y. 2006); *DIRECTV, Inc. v. Richards*, 2005 WL 1514187 (D.N.J. 2005); *QC Holdings, Inc. v. Diedrich*, 2002 WL 324281 (D.Kan. 2002).

any alleged ties to his former domicile," and that the specific information relating to his bank accounts and financial activities is confidential and irrelevant to the determination of his citizenship.

However, courts have frequently considered the location of a party's bank accounts and the regularity of use of those accounts in determining whether that party intends to remain in a particular domicile in deciding that party's citizenship for purposes of diversity jurisdiction.[2]  Thus, the mere stipulated fact that Matthews maintains a bank account with a national banking institution with no information as to whether he regularly uses particular branches of that bank is of little assistance to Old Towne in establishing Matthews' citizenship.  Put another way, records indicating the branches of Bank of America that Matthews utilizes on a regular basis are relevant to the citizenship determination.[3] Matthews' account statements from Bank of America would reveal that information and are

---

[2] *Perry v. Pogemiller*, 146 F.R.D. 164 (N.D. Ill. 1993), quoting *Lundquist v. Precision Valley Aviation*, 946 F.2d 8, 11-12 ("While it is impossible to catalogue all factors bearing on the issue [of where one's domicile is located], they include the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment"); *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996); *National Artists Management Co., Inc. v. Weaving*, 769 F.Supp. 1224, 1228 (S.D.N.Y. 1991)(Courts have also listed other factors as relevant, including whether the person owns or rents his place of residence, the nature of the residence (*i.e.*, how permanent the living arrangement appears), affiliations with social organizations, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.); *Wallace v. Healthone*, 79 F.Supp.2d 1230 (D.Col. 2000); *Alpine Bank v. Carney Bros. Construction*, 2008 WL 4080003 (D.Colo. 2008); *Knapp v. State Farm Ins.*, 584 F.Supp. 905 (E.D.La. 1984); *O'Neal v. Atwal*, 425 F.Supp.2d 944 (W.D.Wis. 2006); *Slate v. Shell Oil Co.*, 444 F.Supp.2d 1210 (S.D.Ala. 2006); *Deep Marine Technology, Inc. v. Conmaco/Rector*, 515 F.Supp.2d 760 (S.D.Tex. 2007).

[3] The Court agrees with Old Towne that evidence derived from Matthews' bank account statements will indicate where his regular paychecks are deposited and where most of his substantial deposits are made.  If those deposits are made into branch banks in Georgia, such information would be suggestive that his domicile is in Geogia.  Old Towne also makes an interesting point in its opposition that, although Matthews contends that he maintains a bank account with Bank of America because of the "features and amenities" offered by that bank, Bank of America actually does not offer within Louisiana the most basic "amenity" Matthews would probably desire – that being, retail locations in Louisiana.  Thus, that argument provides little support for Matthews' position that his bank account information is irrelevant to the issue of his citizenship.

therefore discoverable at this stage.[4]  Moreover, since the key to determining "intention to remain" in a particular domicile requires "close inspection of a person's course of conduct over time," the Court finds Old Towne's request for account statements for the previous two and a half (2 ½) years to be appropriate.[5]  The production of Matthews' account statements should, however, be subject to a protective order since they contain confidential financial information.  The parties will therefore be ordered to correspond with one another and prepare a joint protective order relating to such information, which joint order is to be submitted to the Court for review and approval within seven (7) days of this Ruling.[6]

As to the second request in the subject subpoena for any and all financial statements provided by Matthews in connection with any loan or request for an extension of credit from January 1, 2007 to May 1, 2009, the Court agrees with Matthews that such request is overly broad and seeks information beyond that needed to make a determination as to Matthews' citizenship.  Although Old Towne contends that such documents are likely to reveal where Matthews' assets are located and that such information is "another

---

[4] *See, Perry*, at 166 (finding that information on the plaintiff's bank accounts was held to comprise a "legitimate inquiry into facts surrounding the plaintiff's domicile"); *Tanon v. Muniz*, 312 F.Supp.2d 143 (D.Puerto Rico 2004)(Holding that evidence submitted to the Court by the defendant, including documents reflecting that the plaintiff maintained personal and business bank accounts with a bank in Puerto Rico "which she used on a regular basis to pay her debts," showed that the plaintiff lacked the intent to change her domicile from Puerto Rico to Florida); *Coury*, at 255 (In determining domicile, the Fifth Circuit considered the fact that the plaintiff could not recall whether he had an active checking account in Texas, which suggested little if any use of that account if it existed, while the plaintiff maintained "active checking and savings accounts" in French financial institutions).

[5] *See, Lundquist*, at 10 (The court viewed, among other evidence, the claiming party's voting registration over a 14-year period); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)(The court considered the claiming party's driver's license, tax returns, and registration of his cars over an 18-year period); *Julien v. Sarkes Tarzian, Inc.*, 352 F.2d 845, 847 (7th Cir. 1965)(The court viewed the claiming party's education, voting, and employment history over a 9-year period).

[6] Old Towne has already indicated in its opposition to the present motion that it is amenable to entering a "confidentiality and 'attorney's eyes only'" agreement relative to documents responsive to the subpoena.

objective indication of his domiciliary intent," the location of a party's assets has not been recognized by courts as one of the factors commonly considered in determining a person's intent to remain in a particular domicile for purposes of deciding citizenship in the diversity jurisdiction context.  A party can have assets located in places all over the world, and that information would not suggest where that party intends to be domiciled.

The Court agrees with Matthews that the second portion of the subject subpoena is "nothing more than a 'fishing expedition' designed to elicit confidential information regarding [Matthews'] personal and corporate finances which potentially could serve as an unfair advantage and/or leverage to Old Town and its principals" in the context of the underlying litigation.  The Court further finds that Matthews' interest in the privacy of his financial statements outweighs any attenuated relevance that such information might have to the limited question concerning his citizenship.  As such, the second portion of the subject subpoena will be quashed.

Accordingly;

**IT IS ORDERED** that the Motion to Quash Subpoena Duces Tecum and/or for Protective Order (R. Doc. 27) filed by defendant, J. David Matthews, is hereby **GRANTED IN PART**, in that the second portion of the subject subpoena shall be quashed, and **DENIED IN PART**, in that the first part of the subpoena shall be maintained.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon the subpoenaed non-party, Bank of America, National Association, through its Agent for Service of Process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808, and that Bank of America shall comply with the first portion of that

subpoena, within seven (7) days of this Order, by producing a copy of "[a]ny and all account statements of Matthews from January 1, 2007 to May 1, 2009."[7]

**IT IS FURTHER ORDERED** that the parties to this matter shall correspond and prepare a joint protective order relating to the account statements produced in response to the first portion of the subject subpoena and that such joint protective order shall be submitted to the Court for review and approval within seven (7) days of the issuance of this Ruling & Order.

Signed in chambers in Baton Rouge, Louisiana, July 9, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[7] The short time frame for response is being imposed so as to allow Old Towne an opportunity to review the account statements in question prior to the deposition of Matthews, which is scheduled to take place on July 20, 2009, and prior to the deadline for the parties' briefs on citizenship, which are due on August 14, 2009.